[No. 11832.  Department Two. — June 11, 1889.]

## M. J. McDONALD, RESPONDENT, v. J. J. HANLON, AP-PELLANT.

LEASE IN PRÆSENTI — RIGHT OF LESSEE AGAINST TENANT FROM MONTH TO MONTH IN POSSESSION — ATTORNMENT — RAISING RENT — ACTION OF UNLAWFUL DETAINER. — Where, while real property is occupied by a tenant from month to month, the owner makes a lease *in præsenti* to a third person for five years, such third party may, without entering into possession, and without an attornment to him, change the terms of the tenancy from month to month, and upon non-payment of the increased rent, may maintain an action of unlawful detainer.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Joseph Kirk,* for Appellant.

*Thomas E. Curran,* and *S. B. McKee, Jr.,* for Respondent.

HAYNE, C.—Action of unlawful detainer; judgment for plaintiff; defendant appeals.

The defendant was in possession of the property as tenant from month to month under one Gallagher, who was the ówner in fee. In this condition of affairs Gallagher made a lease *in præsenti* to the plaintiff for five years. The defendant did not attorn to the plaintiff, and the latter never entered into possession, but gave notice to defendant raising his rent, and no rent having been paid, gave the three days' notice, and commenced the present action to have defendant removed from possession, and for the increased rent. No objection is made to the sufficiency of the notices. The sole point relied on to reverse the judgment is that the plaintiff is not the "successor in estate" of the landlord, within the meaning of subdivision 1 of section 1161 of the Code of Civil Procedure; and that if the plaintiff has

any right, he cannot resort to this kind of proceeding, but must pursue his ordinary remedies. We do not think that the point is well taken.

A lease, or estate for years, is an estate in real property. (Civ. Code, sec. 761.) And it is expressly provided that "a person to whom *real property* is transferred or devised, upon which rent has been reserved, or to whom any such rent is transferred, is entitled to the same remedies for the recovery of rent, for non-performance of any of the terms of the lease, or for waste or cause of forfeiture, as his grantor or devisor might have had." (Civ. Code, sec. 821.)

No attornment by the defendant was necessary. (Civ. Code, sec. 1111.) And inasmuch as the lease to plaintiff was one *in præsenti*, the fact that he did not enter into possession is immaterial. (*Potter* v. *Mercer*, 53 Cal. 672.)

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT. —For the reasons given in the foregoing opinion, the judgment is affirmed.