[L. A. No. 1274.    Department One.—September 10, 1903.]

## MARIA ESPIRITU CHIJULLA DE LEONIS, Respondent, v. F. E. WALSH, Administrator, etc., Appellant.

APPEAL FROM JUDGMENT—REVIEW OF EVIDENCE—DEATH OF DEFENDANT —JUDGMENT NUNC PRO TUNC.—Where the defendant died after the submission of the cause for decision, and after the substitution of his administrator, findings and judgment were filed, with direction that they be respectively filed and entered *nunc pro tunc,* as of a date prior to the death, such entry *nunc pro tunc* cannot have the effect to shorten the time for review on appeal from the judgment; and if an appeal is taken therefrom within sixty days after the actual date of the decision and rendition of the judgment, the sufficiency of the evidence to sustain the findings may be reviewed thereupon.

ACTION AGAINST AGENT—DEED INTENDED AS MORTGAGE—COMMISSIONS —FINDINGS.—In an action against the defendant who was plaintiff's agent, to recover a balance alleged to be due from defendant, and to compel a reconveyance of property deeded to such agent, findings that the deed was made to secure the payment to the defendant of moneys advanced and to be advanced by him, and that no other sum than a specific balance of moneys advanced was secured by the deed, negative any claim of the defendant that the deed was intended to secure the payment of commissions due to the agent. Any indebtedness for commissions, not having been made

by agreement a lien upon the lands, the payment thereof cannot be made a condition of redemption.

Id.—Offer to Pay Indebtedness—Dispute—Condition of Suit—Decree.—Where the plaintiff claimed that nothing was due to the defendant, that the security was satisfied, and that there was a balance due to the plaintiff, and it appears there was a dispute as to the amount of the indebtedness, and the defendant in his original answer denied that he held the property as security, and claimed that he was absolute owner, the action could be maintained without a previous offer to pay the indebtedness; and it was proper for the court to ascertain the amount of the secured indebtedness, and to decree a reconveyance upon payment of the balance found due.

Id.—Costs Awarded to Plaintiff—Discretion.—It was within the discretion of the court to award the costs to the plaintiff, and its action in so awarding them was justified by the defendant's repudiation of plaintiff's title and his refusal to account to her.

Id.—Finding Outside of Issues—Intent to Evade Land Laws—Illegal Action not Shown—Duty of Court.—A finding outside of the issues, and contrary to an admission in the amended answer of the defendant, that the deed was executed as a mortgage to secure indebtedness, to the effect that it was also executed for the purpose of enabling the plaintiff to take up certain government land under the United States land laws, by enabling her falsely to represent that she was not the owner of the land included in the deed to the defendant, in the absence of any evidence that any application was ever made by the plaintiff for government land, does not show such illegality as made it the duty of the court to dismiss the action, *sua sponte*, and to allow the defendant to retain plaintiff's property as his own.

Id.—Single Cause of Action—Demurrer for Misjoinder.—A complaint to recover a balance of money alleged to be due from defendant as agent of the plaintiff, and to compel a reconveyance of land alleged to have been conveyed by the plaintiff to the defendant upon his false representations that she was indebted to him for money advanced, and for the purpose of securing repayment of the same, states a single cause of action, and is not subject to a demurrer for misjoinder of causes.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Horace Bell, and H. H. Appel, for Appellant.

Possession having been given, and so long as the debt is due, the property should remain in the possession of the mort-

gagee as security. (*Spect* v. *Spect*, 88 Cal. 437.[1]) The offer to restore by paying the indebtedness due, including compensation for labor and services performed under the agreement of agency, was a condition precedent to an action to rescind the conveyance to the agent as security. (*Fountain* v. *Semi-Tropic Land etc. Co.*, 99 Cal. 677; *Watts* v. *White*, 13 Cal. 321; *Morrison* v. *Lods*, 39 Cal. 381; *Herman* v. *Haffenegger*, 54 Cal. 161; *Hammond* v. *Wallace*, 85 Cal. 522;[2] *Disbrow* v. *Secor*, 58 Conn. 35; *Adam* v. *Soyre*, 76 Ala. 509; *Marsh* v. *Whitmore*, 21 Wall. 178.) The findings show an illegal transaction, out of which no cause of action can arise. (Civ. Code, secs. 1667, 1668; *Martin* v. *Wade*, 37 Cal. 168; *Beard* v. *Beard*, 65 Cal. 354; *Mitchell* v. *Cline*, 84 Cal. 409; *Tappan* v. *Albany B. Co.*, 80 Cal. 570;[3] *Morrill* v. *Nightingale*, 93 Cal. 452;[4] *Valentine* v. *Stewart*, 15 Cal. 387; *Vulcan Powder Co.* v. *Hercules Powder Co.*, 96 Cal. 570;[5] *Kreamer* v. *Earl*, 91 Cal. 117; *Wyman* v. *Moore*, 103 Cal. 213; *Miller* v. *Ammon*, 145 U. S. 421.)

Dunnigan & Dunnigan, for Respondent.

An agent who denies his trust is not entitled to receive compensation. (*Sea* v. *Carpenter*, 16 Ohio, 412; *Wadsworth* v. *Adams*, 138 U. S. 984; *Ireland* v. *Potter*, 16 Abb. Pr. 218; *McNight* v. *Walsh*, 23 N. J. Eq. 136; *Cook* v. *Lowry*, 95 N. Y. 103; *Norris's Appeal*, 71 Pa. St. 106, 126.) The case shows no illegal transaction. No wrong appears to have ever been done or attempted. The court finds the instrument a mortgage; and being once a mortgage it is always a mortgage. (*Locke* v. *Moulton*, 96 Cal. 21.)

ANGELLOTTI, J.—This action was brought by plaintiff against Laurent Etchepare to recover certain money alleged to have been received by him as her agent and to obtain a decree requiring him to reconvey to her certain real property alleged to have been conveyed by her to said Etchepare, upon his false representations that she was indebted to him for money advanced, and for the purpose of securing the repayment of the same.

---

[1] 22 Am. St. Rep. 314.
[2] 20 Am. St. Rep. 239.
[3] 13 Am. St. Rep. 174.

[4] 27 Am. St. Rep. 207.
[5] 31 Am. St. Rep. 242.

Plaintiff obtained judgment decreeing a reconveyance, upon the payment by her to defendant of the sum of $2,444.09, with interest from July 27, 1899, and defendant appeals from said judgment.

It is contended at the outset that the question as to the sufficiency of the evidence to sustain the findings cannot be considered by this court, for the reason that the appeal was not taken within sixty days after the rendition of the judgment,—i. e. within sixty days after the filing of the findings of fact and conclusions of law, which constitute the decision of the court.

The case was submitted to the trial court for decision prior to June 7, 1901, and decision was not rendered until July 11, 1901, on which day the findings were filed. Defendant Etchepare died on June 7, 1901, and his death was immediately thereafter suggested in open court. Defendant administrator qualified as such administrator on October 3, 1901, and on October 10, 1901, was substituted as defendant in place of said deceased. On October 14, 1901, judgment was filed, and the same was entered October 16, 1901. Notice of appeal was served and filed on December 12, 1901. Both findings and judgment contained a direction that they be respectively filed and entered *nunc pro tunc* as of June 3, 1901.

It has been held that a court may direct that its findings of fact and conclusions of law thereon be filed as of a date anterior to the death of a party defendant against whom judgment is thereby ordered. (*Fox* v. *Hale & Norcross S. M. Co.,* 108 Cal. 478.) The power to make such a direction is, however, to be exercised only for the purpose of doing justice between the parties, and the exercise of such power will never be allowed to have the effect of depriving the representatives and successors of the deceased defendant of the right to a review of the decision by the appellate court in the usual manner, or of shortening the time within which proceedings for such review may ordinarily be instituted. The time within which such proceedings for review may be instituted cannot commence to run until the decision is actually rendered,—i. e. until the findings are actually filed,—regardless of the day as of which they are filed.

If in this case the findings had been properly filed on July 11, 1901, the authorities would compel us to hold that judgment was actually rendered on that day, and that the appeal was not taken in time to allow a review of the evidence. But that date also must be disregarded, we are satisfied, for the reason that at that time there had been no substitution of any representative of the deceased. The defendant having died, the court could, on motion, allow the action to be continued against his representative (Code Civ. Proc., sec. 385), but it could regularly take no action in the case until there was a substitution of some one to defend the action, especially as the death of the defendant had been suggested to it. The rendition of judgment *nunc pro tunc* in *Fox* v. *Hale & Norcross S. M. Co.,* 108 Cal. 478, was made after such substitution and on notice. Until such substitution was had no judgment could legally be rendered, and, so far as the time of rendition of judgment is concerned, the case stands precisely as if no findings were ever filed. The filing of the judgment on October 14, 1901, and its entry on October 16, 1901, were the first steps legally taken by the court after the substitution had been made, and for all the purposes of the appeal the judgment can be considered as rendered not earlier than October 14, 1901. The appeal taken on December 12, 1901, was therefore taken within sixty days after the rendition of judgment.

When, however, we come to a consideration of the contention of appellant, that the evidence is insufficient to sustain the findings of the trial court, we can, as we look at the case, find no support in the record for his claim. The theory of plaintiff's complaint was, that the deed made by her to her agent, Etchepare, was a mortgage to secure the repayment to him of money fraudulently represented to be due him for money advanced by him, and that as a matter of fact he had received large sums of money belonging to her, and was at the time of the commencement of the action indebted to her. In his original answer, Etchepare denies that the deed was made for the purpose of securing him any amount of money, alleged that thereby the property had been absolutely conveyed to him for an adequate consideration, that he was the absolute owner of the same, and had from the date of the

deed claimed the same as his own. In his amended answer, filed by permission of the court during the course of the trial and after most of the evidence had been received, he alleged that the deed was made to him to secure the payment to him of all indebtedness due and to become due from plaintiff to him, including such amount as might be due or become due him as compensation for his services as her agent in the matter of her deceased husband's estate, thus admitting plaintiff's claim that the instrument was in fact a mortgage. He alleged that plaintiff was indebted to him in an amount exceeding thirty-five thousand dollars, secured by said mortgage. Waiving all question as to fraudulent representations, the material questions, then, for determination by the court were,—1. What was the agreement of the parties to the deed as to the particular indebtedness to be secured by the mortgage deed? and 2. What was the condition of the accounts between the parties as to that indebtedness?

As to the indebtedness to be secured by the deed, the trial court explicitly found that the deed was made "to secure defendant in the *repayment of moneys defendant had paid out for and advanced to plaintiff and for her use,*" and also "to secure defendant in the *payment of such sums as he should thereafter advance from his own estate to or* for plaintiff," thus negativing the allegation of defendant's answer that any indebtedness that was due or might become due for commissions was secured by the deed. Construing the attempted specifications of insufficiency of evidence with the utmost liberality, we find no specification as to this finding. If objection thereto had been properly specified, we would still be compelled to hold that there was sufficient evidence to sustain it. As to the amount, the court found that there was a balance of $2,444.09 due to defendant, secured by said deed, "and that there was no other sum secured by said deed, and there was no other or further consideration for the execution of the same than as above found." No question is made by any specification of insufficiency that this finding was not correct, so far as the ascertainment of the balance due for *money advanced* by defendant was concerned, and under the previous finding no other indebtedness could be considered in determining the amount of defendant's lien. These two findings sufficiently established plaintiff's right to

a reconveyance upon payment of the amount specified, and render many of the other findings immaterial. Much is said in appellant's brief as to the alleged error of the court in depriving defendant of commissions as agent of plaintiff. In view of the findings as to the object of this deed and the particular indebtedness to be secured thereby, the question as to the allowance or disallowance of commissions is not in the case, however strenuously counsel may have argued it. Any indebtedness for commissions was not by agreement made a lien upon the land, and the general rule is, that a mortgagee cannot require, as a condition of redemption, the payment of any other debt not a lien upon the land. (*Mahoney* v. *Bostwick,* 96 Cal. 53.[1]) For the reasons stated above, the finding of the court as to the representation of Etchepare at the time of the execution of the deed as to the amount then due him is entirely immaterial, as are also the findings that he, while acting as plaintiff's agent, permitted her to do improvident acts, that he kept no books, and that he managed her business carelessly and negligently.

It is urged that plaintiff should not be allowed to maintain this action without having first paid or offered to pay her indebtedness. No such offer was necessary under the circumstances here appearing, and none of the numerous cases cited support appellant's contention. As found by the court, and as the evidence demonstrates, Etchepare had denied that he held the property as a mortgagee, and claimed the same as his own property; and the amount of the secured indebtedness was also in dispute, plaintiff claiming that it had been discharged and that there was a balance due her. Under these circumstances, the action could be maintained without any previous offer of payment, and it was proper for the court in such action to ascertain the amount of the secured indebtedness, and to decree a reconveyance upon the payment by plaintiff of any balance found due.

The awarding of costs to plaintiff was a matter within the discretion of the court, and the action of the court in imposing the costs on the defendant was fully justified by his repudiation of plaintiff's title and his refusal to account to her.

---

[1] 31 Am. St. Rep. 175.

In addition to finding that the deed was executed by plaintiff to secure a certain indebtedness, and was a mortgage, the court found that it was also made "for the purpose of enabling plaintiff to take certain government land under the United States land laws, by enabling her to falsely represent that she was not the owner thereof." It is contended that this finding shows a contract contrary to express statute, public policy, and good morals, having for its object a fraud upon the government of the United States, and that for this reason the action should have been dismissed.

This finding is foreign to every issue made by the pleadings, and is directly opposed to the admission contained in the amended answer, that the deed was in fact executed solely for the purpose of securing an indebtedness, and was in fact a mortgage.

It has, however, often been held that where the defendant does not set up the defense of illegality, but such illegality appears from the case as made by either the plaintiff or the defendant, it becomes the duty of the court *sua sponte* to refuse to entertain the action. (See *Kreamer* v. *Earl,* 91 Cal. 112, 118; 15 Am. & Eng. Ency. of Law, 2d ed., 1015, and cases there cited.) We are satisfied that no such case was made by this finding or by the evidence in the record as would have justified the court below in dismissing this action on such ground. It is not intimated that any application was ever made by plaintiff for any government land. At most, the so-called finding simply intimates that the plaintiff intended to make an application for land under the United States land laws, and *falsely* to represent therein that she was not the owner of this land, and by means of this deed, given as a mortgage, render proof of such false representation, when made, more difficult. The evidence in the record does not clearly show any such intention, but, giving the so-called finding full force as a finding of fact, the mere fact that one of the objects of the instrument was to place her in such a position that she could subsequently more successfully commit a fraud, if she so concluded to do so, would not justify a ruling to the effect that although no attempt was ever made to perpetrate the fraud, and there was nothing more on plaintiff's part than a mere intention, the defendant may retain the

plaintiff's property as his own. (See, in this connection, *Wassermann* v. *Sloss,* 117 Cal. 425.[1])

We are of the opinion that there was but one cause of action stated in the complaint, and that the demurrer for misjoinder was therefore properly overruled.

The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.