[L. A. No. 1504.   Department Two.—October 29, 1904.]

## M. E. C. DE LEONIS, Appellant, *v.* E. E. WALSH, Administrator, etc., of Laurent Etchepare, Respondent.

DEED INTENDED AS MORTGAGE—ACTION FOR RECONVEYANCE—ACCOUNTING —IMPROPER CREDIT ON FAMILY ALLOWANCE.—Where a widow, pending the administration of the estate of her deceased husband, made a deed of an undivided half of her interest in the estate to one whom she had constituted her general manager, and sued for a reconveyance of the property and for an accounting against his executors for moneys received by him as agent and trustee, where the court found that the deed was intended as a mortgage to the grantee, and an accounting of the indebtedness was had, the court improperly allowed a credit to the executors of money paid by the mortgagee as manager to a grantee of the other half of the widow's interest in the estate of her husband out of the family allowance made to her as widow by the court.

ID.—RIGHT OF GRANTEE OF WIDOW—CONTRACT.—The grantee of the widow had no right as such to any part of the family allowance, and a contract by him to use his best endeavors to procure a proper monthly allowance to be made to her out of the estate for her support and maintenance conferred no such right, whether the contract is or is not deemed to refer to a family allowance to be made by the court.

ID.—PAYMENT—IMPROPER DISALLOWANCE.—Where the effect of the pleadings and of the uncontradicted evidence of the plaintiff establishes that she is entitled to a credit in the accounting of a certain sum paid to the mortgagee on account of her indebtedness, a credit for such payment was improperly disallowed.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.   Waldo M. York, Judge.

The facts are stated in the opinion.

Dunnigan & Dunnigan, for Appellant.

The burden was on the defendant in possession as trustee, and as agent of the plaintiff, to account for every dollar received or paid to him by plaintiff. (Civ. Code, secs. 2219-2235; Story's Equity, secs. 316, 319; *Kisling* v. *Shaw*, 33 Cal. 440, 441;[1] *San Pedro Lumber Co.* v. *Reynolds*, 121 Cal. 87.) The defendant was not entitled to any credit for one thousand dollars paid to plaintiff's grantee on account of the family allowance made by the court to the plaintiff out of the estate of her deceased husband. The grantee in possession as trustee and manager, claiming the property as his own, cannot be allowed for improvements as distinguished from necessary repairs, and cannot charge for fencing ranch. (*Malone* v. *Roy*, 107 Cal. 522, 523; *Mahony* v. *Bostwick*, 96 Cal. 56.[2]) Other items of the account were improperly allowed to Etchepare, and plaintiff was entitled to a reconveyance and to judgment for a balance due in the sum of $1,994.56.

H. H. Appel, and Horace Bell, for Respondent, filed no brief.

SMITH, C.—This suit was brought to set aside a conveyance of lands from the plaintiff, Mrs. Leonis, to the deceased, Etchepare, of date January 31, 1894; and also for the recovery of money alleged to be due from him, as the general manager of her estate, under her power of attorney of date January 15, 1890. The court found, in effect, that the conveyance in question was made as a mortgage to secure indebtedness due, and to become due, from Mrs. Leonis to Etchepare; and that the latter had expended on her account the sum of $13,865.43, and received the sum of $11,421.34,—leaving due to him a balance of $2,444.09. The judgment is, that on payment of that amount to the defendant the land be reconveyed. The plaintiff moved for a new trial, which was denied, and she now appeals from the order. There is no brief on behalf of respondent.

The only questions in the case that need be considered relate to the findings of the court as to several items of the account,

[1] 91 Am. Dec. 644.          [2] 31 Am. St. Rep. 175.

which it is claimed by appellant are not justified by the evidence; and of these there are at least two as to which, I think, her contention should be sustained. These relate to the credit of one thousand dollars allowed Etchepare for money paid to Bell and White; and the disallowance of a debit to Etchepare of the sum of nine hundred dollars, which Mrs. Leonis claims she paid to him. The item of one thousand dollars paid to Bell and White was half of two thousand dollars of the family allowance received by Etchepare, and was allowed by the referee on the ground that it was due to them under contracts between plaintiff and S. M. White, and White and Bell; by the former of which White was to receive one half the plaintiff's estate; and by the latter Bell one fourth of White's interest.

The former contract, consisting of the deed of Mrs. Leonis and the executory contract of White, is set out in the findings; and it is clear that under its terms White was not entitled to any part of the family allowance, nor does it appear he ever claimed to be. The description in the deed is: "The undivided one half of [her] interest . . . in the estate of Miguel Leonis, and of the property of which he died seized or possessed, the intention being to convey to the party of the second part said interest in that portion of said estate which shall be finally distributed and allotted to the said party of the first part whether such interest be set apart to [her] as community property or otherwise." And in the accompanying contract White agrees "to use [his] best endeavors to procure a proper monthly allowance to be made to [Mrs. Leonis] out of said estate for her support or maintenance during the administration thereof." The family allowance can hardly be regarded as coming within the description of the deed, and were such construction otherwise admissible, it would be negatived by the terms of the contract. It is worthy of note that this was all of the family allowance ($6,595) that was paid to or claimed by Bell and White.

As to the remaining item of nine hundred dollars, it is expressly alleged in the complaint that this was paid by Mrs. Leonis to Etchepare for purposes specified,—that is to say, in part to pay outstanding indebtedness against her, and the balance to be credited on her supposed indebtedness to

him. But this allegation is not denied by the defendant in his amended answer, except as to the number of dollars received; and indeed—except as to the precise amount—the allegation is in effect admitted in the defendant's allegation "that he did not use or receive for his own use any of said moneys," etc. It is also said by the appellant's counsel, and in the absence of contradiction from the respondent it must be taken as true, that Mrs. Leonis's testimony on this point is uncontradicted by that of the defendant or otherwise. Nor have I been able to discover any such contradictory evidence in the record.

Other objections urged by the appellant to the account may be well taken; but as we cannot anticipate that on a new trial the evidence will be the same, it will be as well to leave them undetermined.

I advise that the order appealed from be reversed and the cause remanded for a new trial.

Harrison, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed and the cause remanded for a new trial.          McFarland, J., Henshaw, J., Lorigan, J.