[Civ. No. 1223. Second Appellate District.—November 8, 1912.]

## EUGENE R. PLUMMER et al., Respondents, v. PIERRE AGOURE, Appellant.

UNLAWFUL DETAINER—PURCHASE BY PLAINTIFFS LESSORS OF TITLE OF CO-LESSORS—ACTION BY PLAINTIFFS SUSTAINABLE.—Where the plaintiffs in an action of unlawful detainer for nonpayment of rent after proper demand and notice to pay, were part of the original lessors holding the title to the property, and prior to such demand and notice, the plaintiffs had by deeds acquired all of the title of their co-lessors, the plaintiffs as vendees of the whole title may maintain the action. The right to maintain it,' as such vendees, is expressly conferred by section 1161 of the Code of Civil Procedure, and by section 821 of the Civil Code.

ID.—ATTORNMENT OF TENANT TO PLAINTIFFS NOT REQUIRED.—By the terms of section 1111 of the Civil Code, no attornment of the tenant to the plaintiffs as vendees of the whole title to the leased lands is necessary to sustain the action.

ID.—JUDGMENT BY DEFAULT—DENIAL OF MOTION TO VACATE—ADMISSIONS IN EVASIVE ANSWER—PROPER DISCRETION.—Where the defendant suffered a judgment by default and moved to vacate the same, upon the grounds of excusable neglect, inadvertence, and surprise; but in support thereof presented a proposed answer which was in form evasive, and must be construed as admitting the nonpayment of rent, service of notice and possession of the premises as alleged in the complaint, it is held that the court did not abuse its discretion in denying the motion.

ID.—ASSIGNMENT OF LEASE AFTER DEFAULT—RETENTION OF POSSESSION —ERROR IN BELIEF AS TO EXONERATION NOT GROUND OF MOTION.— Where as a ground of the motion to vacate the judgment, the defendant set forth that prior to the commencement of the action he had assigned the lease to a third party, under the belief that he

was thereby exonerated from liability, but it appears that he retained the possession after the default, and was in possession when the action was brought, his erroneous belief in that regard cannot avoid his liability in the action, and the court properly refused to vacate the judgment by default on that ground.

ID.—ASSIGNEE OF LEASE ERRONEOUSLY SUBSTITUTED AS PARTY BY EX PARTE ORDER—PROPER VACATION OF ORDER—DEFENDANT NOT AGGRIEVED.—An *ex parte* order substituting the assignee of the lease as a party defendant, was clearly erroneous, and was properly vacated. Where such assignee does not complain, as the only party aggrieved by the vacation of the order, the defendant is in no position to complain thereof.

ID.—STAY OF PROCEEDINGS PENDING APPEAL FROM JUDGMENT—DISCRETION OF TRIAL COURT—REVIEW UPON APPEAL—SUPERSEDEAS.—The power to stay proceedings upon a judgment in unlawful detainer is vested by virtue of section 1176 of the Code of Civil Procedure, in the trial judge, and in the absence of his direction this court has no power to order a *supersedeas.* A stay of proceedings pending an appeal in such a proceeding is not a matter of right, but one in the determination of which the court exercises large discretionary powers. While the action of the court in refusing to direct a stay is subject to review upon appeal, it cannot be reviewed upon an application for a writ of *supersedeas.*

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a motion to set aside a judgment by default. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

C. W. Byrer, for Appellant.

Haas & Dunnigan, for Respondents.

SHAW, J.—Action for unlawful detainer. Defendant failed to plead to the complaint, whereupon judgment by default was rendered in favor of plaintiffs for the recovery of possession of the real estate involved and damages in the sum of six hundred and fifty dollars for the detention of the same.

Defendant appeals from the judgment, as well as from an order denying his motion made after judgment to set aside the default.

The appeal from the judgment is based upon the claim that the complaint fails to state a cause of action. The complaint shows that on August 31, 1907, plaintiffs and several other

persons owning the tract of land in question executed to defendant a lease thereof upon certain covenants and reservations of rent contained therein; that thereafter by two deeds, one of which was executed March 10, 1908, and the other August 3, 1909, plaintiffs acquired from their co-lessors title to the whole of the property; that defendant made default in the payment of an installment of rent which, under the terms of the lease, became due and payable on April 1, 1912; whereupon, on April 5, 1912, plaintiffs, pursuant to the provisions of section 1161 of the Code of Civil Procedure, caused to be served upon defendant a written notice signed by them, requiring defendant, within three days, to pay said installment of rent, or, failing so to do, surrender possession of the premises to plaintiffs. Appellant contends that in the absence of an allegation showing an attornment by defendant as tenant, none but the original lessors named in the lease could give the notice or maintain the action. The right to maintain an action by ''the successor in estate of his landlord'' is expressly conferred by section 1161 of the Code of Civil Procedure. Moreover, section 821 of the Civil Code, provides: ''A person to whom any real property is transferred or devised, upon which rent has been reserved, or to whom any such rent is transferred, is entitled to the same remedies for recovery of rent, for nonperformance of any of the terms of the lease, or for any waste or cause of forfeiture, as his grantor or devisor might have had.'' Nor was any attornment of the tenant necessary to enable plaintiffs as vendees of the leased lands to maintain the action. (Civ. Code, sec. 1111; *McDonald* v. *Hanlon,* 79 Cal. 442, [21 Pac. 861].) The case of *Reay* v. *Cotter,* 29 Cal. 168, relied upon by appellant, is not applicable to the existing statute. (*Martel* v. *Meehan,* 63 Cal. 47.) Appellant's contention upon this point is without merit.

Upon the grounds of excusable neglect, inadvertence, and surprise, defendant moved the court to set aside his default and vacate the judgment. In support thereof he presented a proposed answer and affidavit of merits. The motion was denied. There was no abuse of discretion on the part of the court in so ruling. The proposed answer is in form evasive and must be construed as admitting the nonpayment of rent, service of notice, and possession of the premises by defendant, all as alleged in the complaint. Hence, the sole ground

for the claim of relief, as appears from the affidavit and answer, is that prior to the commencement of the proceedings defendant, who retained possession of the premises, assigned the lease to one John Lapique, by reason of which "transaction (defendant) was led to believe that he had been duly exonerated from all liability that may have accrued against him by virtue of said lease." Certainly no argument is required in support of the proposition that one unlawfully withholding the possession of land and in default for the rent thereof cannot escape his obligation by assigning the liability to another. It also appears that by an *ex parte* order made by the court John Lapique was substituted as defendant in said action and given thirty days within which to file an answer therein, which order was, a few days thereafter, vacated and set aside. The first order was clearly erroneous, and hence it was not error for the court to vacate the same. Lapique, who was the party aggrieved by the vacation of the order, is not complaining on account of the ruling and defendant is in no position to complain.

The rendition of judgment was followed by the issuance to the sheriff of an execution and writ of possession under and by virue of which plaintiffs were placed in possession of the land. Thereafter, defendant served and filed notice of appeal from the judgment and on the same day, pursuant to the provisions of section 945 of the Code of Civil Procedure, filed an undertaking upon which he applied to the court for an order directing a stay of proceedings upon the judgment as provided by section 1176 of the Code of Civil Procedure. Thereupon the court ordered that the writ of possession (which, however, had already been executed) and the execution be recalled until the further order of court, and at the same time rquired plaintiffs to appear at a time and place fixed therefor and show cause why the execution and writ of possession theretofore issued in said proceedings should not be stayed pending the appeal from said judgment. At the hearing the court denied the application for a stay of proceedings. Defendant appeals from this order. A stay of proceedings pending an appeal in a proceeding of this character is not a matter of right (*Gross* v. *Kelleher*, 73 Cal. 639, [15 Pac. 362]), but one in the determination of which the court exercises large discretionary powers. Hence, the ruling thereon will not be dis-

turbed by this court, unless an abuse of discretion is made to appear. Suffice it to say that the record is silent as to any matter indicating erroneous action on the part of the court in making the ruling.

During the pendency of the appeal defendant applied to this court for a writ of *supersedeas* restoring him to possession of the property from which he had been ousted under and by virtue of proceedings had upon the judgment. By virtue of section 1176, the power to stay proceedings upon a judgment in unlawful detainer is vested in the trial judge, and in the absence of such direction this court has no power to order a *supersedeas*. (*Bateman* v. *Superior Court*, 139 Cal. 140, [72 Pac. 922]; *Cluness* v. *Bowen*, 135 Cal. 660, [67 Pac. 1048].) While the action of the trial judge in refusing to direct a stay of proceedings is subject to review on appeal, and such order will be reversed for an abuse of discretion in making the ruling, it cannot be reviewed upon an application for a writ of *supersedeas*.

It follows that the judgment and orders appealed from should be affirmed, and the application for a writ of *supersedeas* made in this court denied, all of which is so ordered.

Allen, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal, on December 7, 1912, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on January 6, 1913.