[Civ. No. 3739. First Appellate District, Division One.—January 28, 1921.]

## JOHN LAPIQUE, Appellant, v. E. R. PLUMMER et al., Respondents.

[1] CLAIM AND DELIVERY—CROPS ON LEASED LAND—VALIDITY OF LEASE —RIGHT OF ASSIGNEE TO ATTACK.—In an action in claim and delivery to recover certain crops, where the complaint shows that the sole right or claim of right to the crops which the plaintiff seeks to recover rests upon an assignment by a third person of the latter's interest as lessee under a certain lease, the plaintiff cannot question the validity of that lease.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.,* for Appellant.

No appearance for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants in an action upon claim and delivery of certain personal property, namely, 1321 sacks of barley and certain other crops grown upon lot B of the Rancho Los Vergines, in Los Angeles County, or the value of said property in case delivery thereof cannot be made, alleged in the complaint to be the sum of $1,849, with $500 damages for the alleged wrongful detention of said property.

The plaintiff claims the right to recover this property by virtue of the assignment to him by one Pierre Agoure of all the latter's right, title, and interest in a certain lease of said portion of said rancho, alleged to have been executed to said Agoure by certain persons on August 31, 1907. The defendants in their answer deny any ownership or right of said plaintiff in said personal property, and for want of information and belief deny that said Pierre Agoure ever conveyed or assigned to said plaintiff the aforesaid lease, and further allege that if such assignment was made it was

colorable and fictitious, and was made by said Agoure for the purpose of enabling him to evade and avoid the obligations of said lease, and was not intended to divest him of his title to or interest in the same. The plaintiff demurred to this answer upon several grounds, and also moved the court to strike out that portion thereof which undertook to allege the colorable and fictitious quality of the transfer of said lease to the plaintiff. The plaintiff also moved for a judgment on the pleadings. The said demurrer was apparently overruled and these other several motions denied by the trial court at some time during the year 1913, though from the state of the record before us we are unable to ascertain just what the action of the trial court was in these several regards.

In the year 1917 the plaintiff moved the court for leave to file a voluminous amended complaint setting up a large amount of matter, probative in character and materially varying from the plaintiff's original allegations as to the foundations and nature of his claim of right to said property. His motion for leave to file said amended complaint came on for hearing before said court and was denied on January 5, 1918, but again we are left entirely in the dark as to the grounds of said denial. The cause came on for hearing upon said last-named day, and upon its submission the trial court made its findings in the defendant's favor, and judgment was accordingly entered requiring the return of the property which the plaintiff had taken upon claim and delivery, or the value thereof, fixed at the sum of $1,500, together with damages equivalent to the interest upon said sum from the date of the plaintiff's taking of said property, together with their costs. The plaintiff thereupon moved for a new trial upon all the statutory grounds, which motion being upon the hearing thereof denied the plaintiff has taken and prosecuted this appeal.

The appellant in support of his appeal has presented a typewritten transcript, embracing the record of the clerk and reporter of the proceedings in this cause. He has also filed two supplements and two supplementary supplements purporting to refer to matters embraced in these original transcripts. In attempting to examine these we have found ourselves plunged into the midst of a dense wilderness of entangled and intermingled pleadings, claims, proceedings,

and references to other causes and litigations in which the plaintiff herein has apparently been engaged for the past eight or nine years in the superior courts and district court of appeal of southern California and in the supreme court. Many of the appellant's references to these various causes are by numbers merely, and we are asked to take judicial notice of the proceedings therein, which, of course, we can neither be required nor expected to do. In the attempt to perform our duty of finding a way through this labyrinth with a view to determining the merits of this appeal we have been afforded no aid whatever by the respondents herein, whose brief, had any such been filed, might, like the silken thread of Ariadne, have assisted in resolving its mysteries. [1] In so far as we, thus unaided, are able to do so we find that the first and main contention of the appellant is that the lease, which on August 31, 1907, was made by certain lessors to Pierre Agoure and for the violation of the terms of which said Agoure was by the defendants herein dispossessed of the premises upon which the crops were being grown which the plaintiff herein now claims, was void for the reason that one of the persons named in said lease as a maker thereof did not in fact sign or execute the same.

We are totally unable to understand upon what theory the plaintiff and appellant herein can be heard to urge this claim, since his own complaint in this action shows that his sole right or claim of right to the crops which he seeks to recover rests upon an assignment by said Agoure of his interest as lessee under said lease. Having entered into the possession of the premises upon which said crops were grown under said lease neither said Agoure nor the plaintiff, as his successor in interest thereunder, can question the validity of said lease. It would further seem, however, from the appellant's reference to the case of *Plummer* v. *Agoure,* 20 Cal. App. 319, [128 Pac. 1014], that said Agoure never did in fact question the validity of said lease nor the rights of the plaintiffs in that action (who are the defendants in this action) to recover the possession of the premises covered by its terms, but permitted said action to go by default. The appeal in that action was apparently taken by the appellant Lapique in the instant case after he had vainly sought to be substituted as a party defendant

therein in the place and stead of Agoure by virtue of his alleged assignment from the latter of said lease, and the district court of appeal, in that case in adverting to this situation, said: "Certainly no argument is required in support of the proposition that one unlawfully withholding the possession of land and in default for the rent thereof cannot escape his obligation by assigning the liability to another." We think the decision in the case of *Plummer* v. *Agoure, supra,* is *res adjudicata* as to Agoure and also as to this appellant as his successor to said interest in said lease.

The appellant makes other contentions herein based, as we have seen upon the bewildering state of the record which he has presented. For example, the appellant asserts that the trial court was in error in whatever orders it may have made overruling his demurrer to the defendants' answer, and also refusing to strike out portions of the same and to award his judgment upon the pleadings, but we are unable to find these several orders in the record, and hence, of course, cannot determine anything respecting them.

Again, the appellant claims that the trial court was in error in refusing to permit him to file his amended complaint proffered for filing more than five years after the date of filing his original complaint, and apparently on the eve of the trial of the action upon the original pleadings. We have only the bald statement in the record that appellant's motion in that behalf was denied, but have not the order made and entered denying the same and hence cannot know on what said order was based or whether or not it was properly made.

In so far as the appellant bases his claim of right to file his said amended complaint upon the alleged fact that he is the successor in interest of one Maria Espritu Chijulla De Liones or of her son Juan Menendes, in the premises upon which the crops involved in this action were grown, by virtue of the transfer to him of a certain judgment in the case of *De Leonis* v. *Walsh,* affirmed in the supreme court in 140 Cal. 176, [73 Pac. 813], we think the appellant's said claim of any right or interest in said premises arising out of said judgment has been finally set at rest by the decision of the district court of appeal for the second district in the case of *Lapique* v. *Plummer,* 50 Cal. App. 88, [195

Pac. 293], in which case the supreme court, in denying a petition for rehearing, expressly, and we trust finally, stated that said judgment upon which the appellant relies had been vacated by the decision of the supreme court in the case of *De Liones* v. *Walsh*, 145 Cal. 199, [78 Pac. 637]. This final order of the supreme court also sets at rest whatever right the appellant claims to take or prosecute the appeal in this case as the successor in interest in said De Liones or Menendes, or both.

We cannot refer in further detail to the appellant's other numerous contentions, nor attempt to unravel their labyrinthine involutions. They all appear to bear upon the plaintiff's claim of an interest in the property in litigation arising out of his assignment of the lease from Agoure, or as successor in interest to said judgment. If, as we have already determined, these claims are invalid, he had no right to maintain this action, and this being so, his other contentions are as to mere errors in procedure which, in the involved and incomplete state of the record, we cannot determine to have been prejudicial even if it were conceded that they had in fact any merit.

In conclusion, we would again refer to the censurable conduct of the respondents herein and of their counsel in willfully failing to afford this court the assistance to which it was peculiarly entitled in the instant case.

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 25, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 28, 1921.

All the Justices concurred.