[L. A. No. 7500. In Bank.—April 17, 1923.]

JOHN LAPIQUE, etc., Appellant, v. FRANK E. WALSH, etc., Respondent.

[1] NEW TRIAL—GRANTING OF—VACATION OF JUDGMENT.—The granting of a new trial vacates the judgment which has been rendered after the trial and in pursuance thereof.

[2] APPEAL — CLAIMS BASED UPON VACATED JUDGMENT—FRIVOLOUS APPEAL—DAMAGES.—On this appeal from an order setting aside a so-called deficiency judgment and from an order denying an

application to set aside the order vacating said judgment, where it appears that the judgment upon which the appellant bases all of his claims was vacated by the judgment of the supreme court given on October 29, 1904 (145 Cal. 199), reversing the order denying a new trial, after a prior affirmance of the judgment (140 Cal. 175), the present appeal is frivolous and a penalty of one thousand dollars is imposed.

APPEAL from an order of the Superior Court of Los Angeles County setting aside a so-called deficiency judgment and from an order denying an application to set aside the order vacating said judgment. Dana R. Weller and Leslie R. Hewitt, Judges. Affirmed.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Appellant.

Alfred Wright, Alexander Macdonald, Bauer, Wright & Macdonald and Harry L. Dunnigan for Respondent.

WILBUR, C. J.—A motion was made by the respondent to dismiss the appeal in this action on the ground that the appellant's opening brief had not been filed in time. The appellant made a counter-motion to submit the case upon his opening brief on the ground that the respondent had not filed a reply in time. The former motion was denied and the latter granted for the reason that we felt that the whole case had been decided by this court in its order denying a rehearing from a decision of the district court of appeal (*Lapique* v. *Plummer*, 50 Cal. App. 88 [195 Pac. 293]; *Lapique* v. *Walsh*, 50 Cal. App. 82 [195 Pac. 296].) The opinion of the district court of appeal will be found in 51 Cal. App. 191 [196 Pac. 512]. It was held by the district court of appeal and affirmed by this court in the denial of a rehearing that the judgment affirmed by this court in *De Leonis* v. *Walsh*, 140 Cal. 175 [73 Pac. 813], was vacated and set aside by the order of the supreme court in *De Leonis* v. *Walsh*, 145 Cal. 199 [78 Pac. 637], reversing an order denying a new trial. In the course of the opinion of the district court of appeal it said: "We see no reason for holding that the same result [that is, the vacation of the judgment] did not follow upon a new trial being granted by the supreme court. Consequently, appellant's claim, under his

purported assignment, gives him neither right, nor color of right, to revive a judgment which is legally dead.''

In our decision denying a transfer to this court we said: ''This general order necessarily had the effect of vacating and rendering for naught the judgment of June 3, 1901; and this notwithstanding the prior affirmance of the judgment (see *Brison* v. *Brison*, 90 Cal. 323, 327 [27 Pac. 186]; *Houser & Haines Mfg. Co.* v. *Hargrove*, 129 Cal. 90 [61 Pac. 660]; *People* v. *Bank of San Luis Obispo*, 159 Cal. 82 [Ann. Cas. 1912B, 1148, 112 Pac. 866]).'' It is thus made to appear that the judgment upon which plaintiff founds his whole claim was vacated by the judgment of this court given October 29, 1904, and could not thenceforth be effective for any purpose. The appellant in his brief asks us to overrule the opinion expressed in our denial of the rehearing, claiming that it is *obiter dicta*.

[1] These opinions merely express what has been frequently determined, namely, that the granting of a new trial vacates the judgment which has been rendered after the trial and in pursuance thereof.

[2] In view of the fact that the appeal in this case is utterly frivolous and without the slightest foundation, some additional facts will be stated in order to further disclose that fact. Plaintiff's predecessor brought this action to redeem from a deed theretofore given by plaintiff therein to the defendant as security for an indebtedness owing from the plaintiff therein to the defendant, claiming that such indebtedness had been entirely paid. The court determined that the deed was in fact given as a mortgage, but that the plaintiff owed the defendant $2,444.09. (*De Leonis* v. *Walsh*, 140 Cal. 175 [73 Pac. 813].) This judgment was affirmed in the case just cited. An appeal was also taken by the plaintiff from the order denying a new trial, and in *De Leonis* v. *Walsh*, 145 Cal. 199 [78 Pac. 637], that order was reversed. The case was thereupon presented to the trial court for retrial, and upon such trial it was stipulated that the entire amount of the indebtedness owing from the plaintiff to the defendant had been paid and in addition the plaintiff had overpaid the defendant $4,834. It was accordingly adjudged that the deed given as security be canceled and that the plaintiff have judgment for $4,834. The plaintiff's predecessor thus secured upon the retrial the

property involved in the action and a judgment against the defendant. The title thus established in her was no doubt disposed of by her before her death, which occurred in 1908. Thereafter, on January 13, 1912, more than seven years after the judgment of 1905 was entered and had become final, an order was made by a judge of the superior court reciting that the cause was still pending, and substituting Juan J. Menendez, the son and executor of the last will and testament of Maria Espiritu Chijulla De Leonis, as plaintiff. On January 15, 1912, an agreement was signed by Juan J. Menendez, as executor of his mother's estate, as follows:

"In consideration of the sum of Two Thousand ($2000.00) Dollars I hereby agree to sell and transfer and convey all of my rights, title and interest, that I now may have in the above entitled decree and judgment filed on the 14th day of October, 1901, in the above entitled action, Docketed Oct. 16, 1901; entered Oct. 16, 1901, Book 99, Page 149, by D. C. Burson, Jr., Deputy Clerk, to John Lapique of Los Angeles County.

"Dated January 15th, 1912.

"JUAN J. MENENDEZ,
"Executor of the Estate of Maria Espiritu Chijulla de Leonis, Deceased."

On March 12, 1912, Juan J. Menendez, purporting to act as son, legatee, devisee, and distributee of the undescribed residue of the estate of Mrs. Leonis, signed an agreement assigning "all my right, title, and interest, that I now may have in the above-entitled action, and judgment docketed and entered October 16th, 1901, Book of Judgments No. 99, page 149 to John Lapique."

On March 13, 1912, Juan J. Menendez was substituted as plaintiff, and on March 14, 1912, John Lapique filed an affidavit "That he is the owner of the foregoing cause of action now pending in this Court, and that the assignment and transfer of judgment from Juan J. Menendez to your affiant is on file herein, transferring to your affiant all the estate, right, title and interest in the above entitled action, and for that reason your affiant desires to be substituted as the plaintiff in the above entitled action in place and in stead of Juan J. Menendez. John Lapique," and upon that date the same judge of the superior court who had

made the previous orders of substitution entered an order substituting John Lapique as plaintiff. Thereupon John Lapique began a series of proceedings in the superior, appellate and supreme courts, in which neither party to the record had any interest in the land purporting to be the subject matter of the action.

John Lapique based all his claims upon the contention that the original judgment entered in 1901 and affirmed in 140 Cal. 175 [73 Pac. 813], was not affected by the subsequent reversal of the order denying a new trial (145 Cal. 199 [78 Pac. 637]), and that the trial in pursuance of such reversal was wholly void, although based upon a stipulation of the parties. Thus after his alleged predecessor had secured the land and the fruit of the judgment rendered upon the new trial and had thus obtained more than she secured by the original judgment, the substituted plaintiff claims the right to redeem the land as ordered by the original judgment although the defendant no longer had the land.

On March 25, 1919, the clerk of the superior court entered what purported to be a deficiency judgment. This document covers fifteen pages of the clerk's transcript on appeal and is signed "Harry J. Leland, Court Commissioner," and was "Directed to be entered in the Judgment Book and Deficiency Judgment docketed 4/1 19." This "deficiency" amounted to $255,779.20, and was apparently rendered against the defendant Frank E. Walsh personally as well as in his representative capacity upon the theory that he was liable for the rents, issues and profits of the lands involved in the action. This deficiency also included the amount awarded the plaintiff by the judgment of 1905, upon the new trial ($4,834), with interest thereon, amounting to $4,568.15. However, the clerk charges John Lapique with the amount of $2,444.09, fixed by the judgment of 1901 (see 140 Cal. 178 [73 Pac. 813]), with interest from July 27, 1899, amounting in all to $5,845.89. Thus, on the face of the "deficiency judgment" the clerk gave to the plaintiff the fruits of both judgments, although John Lapique's entire claim was based upon the invalidity of the second judgment.

The court on June 13, 1919, set aside this so-called deficiency judgment by an order reciting that such purported judgment was void and was entered by the clerk after an application for a similar judgment had been made to the

court January 18, 1919, and had been denied. This is one of the orders appealed from. John Lapique on December 15, 1919, moved to set aside the order vacating the "deficiency judgment" upon various grounds based upon the claim that the attorneys for the plaintiff and defendant in 1905 had no power to stipulate to the judgment then entered and that the same was entered in contempt of the order of the supreme court affirming the original judgment (140 Cal. 175, 183 [73 Pac. 813]), and upon the ground that the judge who entered the order vacating the "deficiency judgment" was disqualified, and numerous other grounds. This application was denied and the appellant has appealed from this order. It is clear that there is absolutely no basis for the appeals. The entry by the clerk of the purported "deficiency judgment" was absolutely without authority.

This appeal is clearly frivolous and evidently taken for delay.

It is a case in which a penalty should be imposed for a frivolous appeal. Order affirmed with $1,000 damages to the defendant for frivolous appeal, to be entered as costs in the trial court.

Myers, J., Waste, J., Kerrigan, J., Seawell, J., Lennon, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.