**LAPIQUE v. DISTRICT COURT OF THE UNITED STATES, IN AND FOR SOUTHERN DISTRICT OF CALIFORNIA et al.**

(Circuit Court of Appeals, Ninth Circuit. November 9, 1925. Rehearing Denied December 14, 1925.)

No. 4656.

Mandamus ⊂═⊃4(4)—Writ not proper to vacate decree of District Court dismissing complaint, where plaintiff had adequate remedy by appeal.

Mandamus *held* not proper remedy to vacate decree of District Court dismissing plaintiff's complaint in suit to quiet title and for an accounting, and to put into effect a prior decree, since plaintiff had an adequate remedy by appeal.

Petition by John Lapique for a writ of mandamus, and in the alternative a writ of prohibition or injunction, against the District Court of the United States in and for the Southern District of California and the judges of such court. Petition dismissed.

John L. Lapique, of Los Angeles, Cal., in pro. per.

Goudge, Robinson & Hughes and Lee A. Dayton, all of Los Angeles, Cal., for respondents.

Before GILBERT, HUNT, and Mc-CAMANT, Circuit Judges.

HUNT, Circuit Judge. Petition by Lapique, as assignee of the estate of Miguel Leonis, deceased, for a writ of mandamus, and in the alternative a writ of prohibition or of injunction, commanding the judges of the United States District Court for the Southern District of California to set aside certain orders made in March, April, and June, 1925, which, petitioner avers, denied the enforcement of the final decree of this court, made in 1902, in the case of United States v. Southern Pacific Railroad Co. et al., 88 F. 832. That was a suit for a further decree in the same case, wherein the Supreme Court annulled the patent to the lands held by the Southern Pacific Railroad Company. United States v. Southen Pacific Railroad Co., 184 U. S. 49, 22 S. Ct. 285, 46 L. Ed. 425. Petitioner alleges that the executors of the last will and testament of Miguel Leonis, deceased, were parties to that suit. In the present matter F. B. Hall, J. S. Hall, C. F. Ritter, A. H. Ritter, J. M. Rouff, Mrs. Rouff, Mrs. Nollenberger, and the Bank of America were served with notice of this motion, and have filed objections to the petition for mandamus.

From the voluminous petition we gather these facts: That the predecessors of petitioner, Miguel Leonis and his wife, prior to 1889 acquired lands, community property in California; that such lands, originally public, were erroneously patented to the Southern Pacific Railroad Company; that petitioner's predecessors in interest were bona fide purchasers of the lands from the railroad company, and that their title as bona fide purchasers was confirmed by the Supreme Court in 1902 (United States v. Southern Pacific Co., 184 U. S. 49, 22 S. Ct. 285, 46 L. Ed. 425); that in September, 1889, Miguel Leonis died, and immediately thereafter his surviving widow employed Stephen M. White to represent her, and in consideration of his professional services, on September 24, 1889, conveyed to said White an undivided one-half interest in all her interest in said estate; that while the suit above referred to, brought by the United States against the Southern Pacific Railroad Company to quiet title, was pending, administration and distribution of the estate of Leonis were had, one-half of the estate going to the widow and one-half of her interest to Stephen M. White, and that defendants or their grantors took possession of the land by virtue of the decree of distribution; that thereafter White conveyed his interest to his wife; that in 1895, in the state court at Los Angeles, the widow of Miguel Leonis obtained a decree that the deed executed by her to a portion of the land was a mortgage, and that reconveyance should be had upon payment by her of the amount of the mortgage; that in March, 1912, the petitioner herein, Lapique, was substituted as plaintiff in said action as successor in interest to the widow, and in March, 1919, redeemed the property and received a conveyance from the commissioner of the court (Lapique v. Walsh, 191 Cal. 22, 214 P. 876); that as assignee and successor in interest and sole heir of the estate of Miguel Leonis, deceased, and by virtue thereof, he is owner of certain lands involved in the suit hereinbefore referred to (United States v. Southern Pacific Railroad Co., supra).

The immediate suit in which the orders prayed to be set aside were made is referred to as H75J, brought in 1924 in the United States District Court at Los Angeles by this petitioner, Lapique, against Walsh and others, including objectors to the petition herein, praying for a decree that defendants therein held under a purported trust, which is void; that Lapique be decreed to be the owner and entitled to possession of the lands described, and for an accounting, and that the

title to the lands be quieted; and that decree to quiet title be put into effect in the case of United States v. Southern Pacific Railroad Co., 184 U. S. 49, 22 S. Ct. 285, 46 L. Ed. 425, and (C. C.) 88 F. 832. Jurisdiction was invoked upon the ground that the suit was between citizens of the same state claiming lands under the Constitution and laws of the United 'States. Defendants demurred. Upon motion the District Court dismissed the amended complaint without prejudice to any action in the state court. Thereafter in the District Court various motions to set aside the order of the District Court were made and denied.

In our opinion, the decree of the District Court must stand, unless reversed by appeal to this court, as must the rulings upon the several motions made by Lapique to vacate the decree. Plaintiff had a remedy by appeal, which was the appropriate way of securing a review of the decree. Mandamus cannot be used to perform the office of appeal to review the judicial action of the District Court. Am. Const. Co., v. Jacksonville Ry., 148 U. S. 372, 13 S. Ct. 758, 37 L. Ed. 486.

The petition for a writ of mandamus is dismissed.