[L. A. No. 15832. In Bank.—September 15, 1936.]

RUTH VAN TIGER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Marcus L. Roberts for Petitioner.

Everett W. Mattoon, County Counsel, Frank G. Finlayson and George S. Dennison for Respondent.

THE ■■■■■■■ The order for a transfer of this cause after an opinion was filed in the District Court of Appeal was made mainly for the reason that said court as constituted at the time of the rendition of said opinion consisted of only one duly elected and qualified member thereof and two justices *pro tempore*. There is a serious question as to whether a court as thus constituted is a

legally constituted court. This question, however, became moot upon the order of transfer being made.

We have examined the opinion filed in the District Court of Appeal and prepared by Mr. Presiding Justice Crail, and in our opinion, the correct conclusion was reached by the writer of said opinion, and we adopt the same as the opinion of this court.

It is as follows:

"The petitioner, Ruth Van Tiger, is petitioning the court for a writ of prohibition against the respondent to prevent it from modifying a final decree of distribution entered in the Estate of Nathan Brickman, deceased. The respondent is represented in court by the attorneys for Ruth Johnston who was the administratrix of said estate as well as one of the heirs. She is the real party in interest and for convenience will be called the respondent. The nominal respondent hereinafter will be called the trial court. ▮ By the terms of the will of decedent his estate was left to his lawful heirs. The testator left neither issue, nor spouse, nor parents, nor brothers, nor sisters. The lawful heirs were his nieces and nephews and they succeeded to the property 'by right of representation' (Probate Code, sec. 225) i. e., the sons and daughters of a deceased brother or sister of testator were entitled to the same share or right in the estate that the brother or sister would have taken as an heir if living. (Probate Code, sec. 250.)

"The petitioner herein, Ruth Van Tiger, was the sole and only child of a deceased brother and was entitled to one-third of the estate. The respondent, Ruth Johnston, was one of five children of testator's deceased sister. She and her brothers and sisters were each entitled to a one-fifth of one-third or a one-fifteenth interest in the estate. There were three children of another deceased brother, each of whom was entitled to a one-ninth interest in the estate.

"When the estate was ready for distribution the respondent, as administratrix, filed her final account and petition for distribution setting forth the relationship of the heirs as above set forth, but praying that the estate be distributed to said nine heirs 'share and share alike'. Her petition for distribution was uncontested. ▮ The petition was examined in the first instance by Commissioner

J. W. Mullin, Jr., who placed the following notation on his rough minutes: 'Rec. O. K. C. T. D. extra fees.' Which when interpreted meant, 'Recommended, O. K., Court to determine extra fees.' When the petition came on for hearing on January 10, 1935, the following entry was made in the court's rough minutes: 'Final account settled and distribution ordered,' signed by J. W. Mullin, Jr., and with the notation, 'It is so ordered,' signed 'Walton J. Wood, Judge.' These rough minutes were not official records of the court. (*Brownell* v. *Superior Court*, 157 Cal. 703 [109 Pac. 91].) Thereafter and on January 14, 1935, the decree clerk of the court entered the court's decree of final distribution in a volume of 'Orders and Decrees of the Superior Court, Probate Department'. Only this record was the minute-book of the court within the meaning of section 1221 of the Probate Code. This entry constituted the rendition by the court of its judgment. (*Brownell* v. *Superior Court, supra.*) The decree as entered distributed the estate one-third to the petitioner herein, one-ninth each to the three children of a deceased brother of the testator, and one-fifteenth each to the five children of the other brother, including the respondent. The respondent did not pay over the money, however, as directed in the court's decree. The petitioner herein lived in Iowa, and the respondent first sent to her the sum of $1,665.83, and thereafter sent her an additional sum of $1,205.63, which sums were $5,742.92 less than petitioner was entitled to, and received from the petitioner herein a signed receipt which read: 'Being balance *in full* of my distributive share under decree of distribution in the above entitled estate.'

"When the petitioner learned the facts she commenced proceedings in the trial court to compel the respondent to deliver to her one-third of the estate in accordance with the decree. To this motion the respondent filed an answer setting forth substantially the facts as above narrated, and in addition an allegation that the court announced at the hearing and intended that its decree would be to distribute the property to the nine heirs 'share and share alike'; and at the same time and upon the same facts respondent served a notice of motion 'to correct the decree as entered so as to make it conform to the decree as ordered by the court'. The motion was made in court on November 20, 1935, ten

months after the decree was entered. These two matters came on for hearing at the same time and were submitted on the same evidence. Thereafter the trial court announced that it would modify the original decree so as to distribute the property share and share alike unless restrained by the prohibition of this court. It is to arrest the making of such order that the petitioner herein now petitions the court for a writ of prohibition.

■ "It will be observed that respondent does not claim that the facts of the case are otherwise than as set out in the decree nor that the decree does not distribute the estate exactly as the law directs. The decree speaks the truth as to the facts in the case. The decree correctly found the facts with regard to the relationship of the parties to be as above set forth and no other distribution would have been proper under the facts of the case and the law applicable thereto. The rights of the respondent were not impaired by the decree as entered. Indeed it is nowhere claimed in the answer of respondent that her rights were impaired by the decree. Thus the only alleged mistake (so-called) is merely that the clerk correctly entered the decree in compliance with the law and the admitted facts. There was no mistake.

■ "The respondent cites to this court numerous authorities to the effect that the court may upon motion of the injured party, or on its own motion, correct clerical mistakes (Code Civ. Proc., sec. 473, last paragraph), and that every court has power to amend and control its process and orders so as to make them conform to law and justice (Code Civ. Proc., sec. 128, subd. 8), and that 'all courts of record have the inherent power to correct their records so that they shall conform to the actual facts and speak the truth of the case'. (*Crim* v. *Kessing*, 89 Cal. 478, at 486 [26 Pac. 1074, 23 Am. St. Rep. 491].) But these legal precepts are predicated upon the necessary prerequisite that there *is* an injured party; that there *has been* a mistake; that the judgment as entered does not conform to law and justice; that the judgment as entered does not conform to the actual facts and speak the truth of the case. Profound erudition sometimes gets its eyes so closely riveted upon one small portion of a legal precept that it cannot view the whole thereof and see, when read as a whole,

its persuasive beauties of common sense. Respondent does not cite us to any authority, and we know of none, that says a court has jurisdiction to amend a judgment or decree when once properly made where there is no mistake, where there is no injured party, where the decree as originally entered conforms to law and justice and where it conforms to the actual facts and speaks the truth of the case.

 "The rule that a court may amend its orders so as to correct a mistake has no application to a case containing no element of mistake. (14 Cal. Jur. 992, and cases cited.) While a mistake of a clerk in the entry of judgment may and should be corrected by the trial court on motion, this gives the court no jurisdiction to amend an order which contains no mistake, and a valid judgment will not be set aside unless it is made to appear that a different result might have been reached. (14 Cal. Jur. 1052, and cases cited.) It has been said that *nunc pro tunc* orders are made to preserve substantial rights, 'though always to preserve and never to impair the rights of litigants'. (*Osmont* v. *All Persons, etc.,* 165 Cal. 587, at p. 591 [133 Pac. 480].) 'The power to make such a direction is however to be exercised *only for the purpose of doing justice.'* (*De Leonis* v. *Walsh,* 140 Cal. 175, at p. 178 [73 Pac. 813, 814].)

"It seems to be the respondent's contention that if she could get the judgment 'corrected' so as to distribute the estate *per capita* instead of *per stirpes,* then the judgment would contain a *judicial* error and could not now be corrected. She says, 'If, in its order of January 10, 1935 [the date of the hearing], the Court did err in ordering a *per capita* instead of a *per stirpes,* distribution, that error, if error there was, was a judicial error, and not a mere mistake of the clerk. Such error, therefore, if error there was, could not be corrected after the clerk had entered the decree of distribution.' Surely the courts are not such weak crutches upon which justice must limp. In this case the court made findings, and the judgment accorded with the findings. The respondent does not claim either that the findings contain a mistake or that the judgment is not in accord therewith.

 "Furthermore, the answer of the respondent contains the complete record of the trial court in regard to the matter, including all evidence and exhibits which were pre-

sented at the hearing. The record, therefore, presents a sufficient case for consideration by this court as one arising on a writ of review, and even if the petitioner be not strictly entitled to a writ of prohibition the court may give such relief as the record presented warrants. (21 Cal. Jur. 634, and cases cited.) As was said in *Traffic Truck Sales Co. of Calif.* v. *Justice's Court, etc.*, 192 Cal. 377, at page 381 [220 Pac. 306], 'the petition, the answer, and an agreed statement bring here the complete record in the case in so far as relates to the point involved and the facts relevant to the questions presented for consideration. Under the circumstances, there is no reason why the court should not give such relief as the record so presented will warrant.' ▪ Taking as true the allegations of respondent's answer (but not including mere legal conclusions therein) the respondent is not entitled to the relief demanded by her in the trial court nor to any relief. A consideration of the case by this court as one arising on a writ of review would warrant an annulment of the contemplated order of the trial court if made. We should and do decide the question now while the case is before us.''

Let the writ issue as prayed.

THOMPSON, J., Concurring.—I concur in the order but only for the reason that in my opinion the only decree was that which was entered in accordance with section 1221, Probate Code.

Rehearing denied.