[Civ. No. 2528.    Second Appellate District, Division Two.—February 25, 1920.]

JOHN LAPIQUE, Appellant, v. FRANK E. WALSH, Administrator, etc., Respondent.

[1] APPEAL—INSUFFICIENT RECORD—UNSUPPORTED CONTENTIONS.—On this appeal, prosecuted by the appellant, a layman, *in propria persona*, not only was the transcript not properly authenticated, but the record was incomplete and entirely insufficient to support any of the contentions attempted to be raised.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge. Affirmed.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Appellant.

H. H. Appel and Harry L. Dunnigan for Respondent.

SLOANE, J.—[1] We are always anxious to get an appreciative understanding of appellants' troubles, whether real or imaginary; but it must be confessed that in this case we have studied the record on appeal—if such it may be termed—in vain to find any connected legal history of the transactions involved. The appeal is taken on the alternative plan, and the purported transcript contains motions, decrees, orders, and affidavits in indiscriminate order, some of them entitled in the principal case, some in other presumably related matters, and some not entitled in any action or proceeding. The notice of appeal is directed to a "minute order made and entered after final judgment, denying plaintiff's motion by reason of collusion and want of jurisdiction on the eighteenth day of January, 1917." The only order we find in the record meeting any of the characteristics of the notice of appeal—and that only by correspondence of the dates—is an order of January 18, 1917, wherein it is "ordered that the motion be set aside stipulation and judgment be and the same is hereby denied." This order apparently relates to proceedings on a notice of motion to vacate and set aside a judgment of the trial court, and a stipulation of counsel upon which the judgment was based; but we are unable to find either the judgment or stipulation in the transcript.

From data contained in affidavits of appellant contained in the transcript, from statements in his brief, and from decisions of the supreme court, cited by appellant, in former appeals growing out of the same case, we gather that originally one De Leonis, appellant's predecessor in interest, brought action against one Etchepare, for whose estate the respondent herein is administrator, to procure reconveyance of certain real property which had been deeded by De Leonis to Etchepare, and to recover certain moneys claimed to be due from Etchepare on an accounting as agent; and that it was found and decreed therein—and such decree affirmed by the supreme court (*De Leonis* v. *Walsh,* 140 Cal. 175, [73 Pac. 813])—that the deed was a mortgage, and that Etchepare held it as security for the sum of $2,444.09 due him from the plaintiff. There was another appeal before the supreme court in the same case,

taken by the plaintiff (*De Leonis* v. *Walsh,* 145 Cal. 200, [78 Pac. 637]), in which the plaintiff De Leonis took exceptions to the amount of credits allowed the Etchepare estate. In this appeal a new trial was granted; and it was on this new trial to ascertain the state of the account between De Leonis and Etchepare, constituting the lien for which the mortgage was held, that the attorneys for all parties entered into a stipulation that the deed, which had been held to have been executed as a mortgage, should be vacated and set aside, and that plaintiff De Leonis recover the sum of $4,834 from the Etchepare estate. It nowhere appears that counsel were without authority to enter into a stipulation for such a judgment; and neither does it appear why the appellant here, as successor in interest of De Leonis, is dissatisfied with the final result. The deed, which had been held valid to the extent of a mortgage security against De Leonis, was entirely wiped out; and instead of a claim for $2,444.09, or any other sum, against the plaintiff, there was a judgment for $4,834 for the plaintiff against the Etchepare estate. We point out these conclusions merely to show appellant that the court has endeavored to reach an understanding of the merits of his claim.

However, the record is entirely insufficient to support any of the contentions attempted to be raised on this appeal. It would be about as difficult to point out why it is insufficient as to specify why the filing of Webster's Unabridged Dictionary would not be a sufficient pleading of the Declaration of Independence.

Furthermore, the transcript, which was, on the twenty-seventh day of December, 1917, certified by the trial judge, bears on its face an order, over the judge's signature, and dated the following day, vacating and setting aside the certificate, on the ground that it was inadvertently signed after an order refusing to sign the same. Such transcript, therefore, as is presented is not properly authenticated.

It may be said, in extenuation of this record, that appellant prosecutes the appeal *in propria persona,* and is himself not a lawyer. It is proverbially indiscreet for even one learned in the law to be his own lawyer. It is obviously

an impossible condition for a layman, particularly in the intricacies of preparing a record on appeal.

The order appealed from stands affirmed.

Finlayson, P. J., and Thomas, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 15, 1920.

All the Justices concurred.