[Civ. No. 3232. Second Appellate District, Division Two.—November 20, 1920.]

## JOHN LAPIQUE, Appellant, v. FRANK E. WALSH, as Administrator, etc., et al., Respondents.

[1] EJECTMENT—JUDGMENT — PLEADING — FAILURE TO SHOW COMPLIANCE WITH TERMS.—Where a judgment decreeing a deed to be a mortgage provided for tender of the amount due the defendant, but if defendant should refuse to reconvey that such tender be made to the clerk of the court, a complaint in an action to recover the possession of the property based on such judgment failed to state a cause of action where it simply alleged a tender of a certain amount to the clerk but failed to aver a tender of the amount to the defendant and his refusal.

[2] TENDER—OFFSETTING OF JUDGMENTS.—An offer to offset one judgment against another is not a proper tender under a judgment declaring a deed to be a mortgage and providing for a reconveyance upon tender of the amount owing.

[3] APPEAL—JUDGMENT—RULING ON DEMURRER—RECORD — PRESUMPTION.—Where on appeal from a judgment entered after the sustaining of a demurrer to a complaint without leave to amend the appellant failed to bring up any bill of exceptions showing that he asked for and was denied leave to amend, or that he proposed any particular amendment to his complaint, and there was nothing in his brief, assuming such presentation proper, which might even indicate his ability to remove any defects which might be found in the complaint, it must be assumed that there was no abuse of discretion in making the order.

[4] EJECTMENT—MORTGAGEE IN POSSESSION.—Ejectment will not lie by a mortgagor or his successors against a mortgagee in possession.

[5] PLEADING—OWNERSHIP—LEGAL CONCLUSIONS.—General allegations of ownership contained in a complaint based solely on the specific allegations of fact set forth therein must be treated as mere legal conclusions of the pleader. (Opinion of supreme court in denying hearing.)

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.,* for Appellant.

H. M. Barstow, O'Melveny, Milliken & Tuller and Roy V. Reppy for Respondents.

THOMAS, J.—An appeal on the judgment-roll from a judgment entered after the sustaining of a demurrer to plaintiff's complaint without leave to amend.

The action appears to be one wherein plaintiff seeks the ejectment of defendants from certain premises, with damages. The complaint shows that on June 3, 1901, judgment was entered in the superior court of Los Angeles County decreeing that a certain purported deed executed by one Miguel de Leonis to one Laurent Etchepare was in fact a mortgage given to secure a then existing debt; that the former, on payment to the latter of the sum of $2,444.09, with interest, was entitled to a reconveyance of the property described in said instrument; and, should said Etchepare refuse to accept such payment and reconvey the property as adjudged, that the clerk of court execute such conveyance accordingly. This judgment, according to the complaint, "has not been reversed, vacated, or set aside, and is now in full force and effect." It next is alleged that, during the pendency of that action—prosecuted by the widow of de Leonis—Etchepare died, being succeeded therein by the defendant here, Walsh, as administrator of Etchepare's estate; that Walsh, as such administrator, thereupon took possession of the real estate in question, as well as the rents, issues, and profits thereof, and that the latter not only "refused, failed, and neglected to collect said mortgage for the sum of $2,444.09, with interest thereon . . . and refused, failed and neglected to reconvey" said real property, but also, with others named here as codefendants, "commenced, prosecuted, and *defended* a large number of actions to render the final decree and judgment [above mentioned] wholly ineffectual, before a conveyance in said action." It also is shown that on September 15, 1908, Walsh, as administrator, moved the probate court, *ex parte,* for his discharge as such administrator, which motion was duly granted. The order so made, plaintiff claims, was void, the court having been without jurisdiction to make the same.

On April 10, 1906, Mrs. de Leonis died testate in Los Angeles County, leaving surviving her an only son and

heir, Juan J. Menendez, who thereupon qualified as executor of her estate. Plaintiff avers that on March 10, 1908, Menendez *filed his account as the executor of said estate,* whereupon, after hearing, the court distributed to said executor, as heir, the estate of said deceased, "whether described in the decree of distribution or not"; that on March 12, 1912, said Juan J. Menendez conveyed "all his right, title, and interest in and to *said plaintiff's estate*" to the plaintiff herein, John Lapique, who is now the owner and holder thereof; that on February 28, 1917, this plaintiff delivered to the clerk of said court *a certified copy of the decree and judgment first above set forth,* together with certified copies of various other judgments, liens, and encumbrances claimed by him to be subsequent and subject to the judgment first referred to, as well as an affidavit showing the amount due from the plaintiff to defendant therein, accompanying the same by a notice to said clerk of court directing and commanding him to reconvey the real property already referred to and fully described in the instrument which was in form a deed, but in fact a mortgage, tendering and offering to pay to said clerk the sum of $5,452.35, the same being *"an offset of one judgment against another"* for said amount, leaving a deficiency judgment in said action *"against the defendant and his administrator"* on said date, in favor of plaintiff herein, in the sum of $12,795.89; that said offer and tender were by said clerk peremptorily rejected; that on July 31, 1894, the defendants in that action ousted plaintiff's grantors and predecessors in interest from said real estate, and that ever since the latter have been out of possession thereof by reason of the alleged wrongful and unlawful possession of such defendants. Wherefore, plaintiff claims damage for such wrongful withholding and exclusion, for the value of the use and occupancy of the premises in question during all of said time, and for the recovery of possession thereof.

The foregoing recital of events leading up to the commencement of the action now before us constitutes our understanding of the facts herein as gleaned from the record on appeal, and will suffice to disclose at least two fatal errors in the complaint filed herein, the presence whereof afforded the lower court abundant authority for its action in sustaining the general demurrer without leave to

amend, viz.: 1. There is no showing in the complaint that
the provisions of the judgment of June 3, 1901, have ever
been complied with by the plaintiff herein, or by any of his
predecessors in interest; 2. There is no showing that a peti-
tion for distribution was ever filed in the matter of the
estate of Mrs. de Leonis whereon the probate court might
legally base a decree distributing her estate to plaintiff's
grantor, Juan J. Menendez, a part of which estate, accord-
ing to the complaint, is the property involved in this action.

[1] As to the first point: Nowhere in the complaint does
there appear an allegation that any tender or payment of
any kind was ever made by anyone to the defendant in the
action first referred to herein, as provided by the terms of
the judgment entered June 3, 1901; and it was only under
such circumstances that a tender and payment was author-
ized to be made to the clerk of the court. Obviously this
was an essential averment, failing in which the complaint
must be deemed deficient in its statement of a cause of
action for possession of the property in controversy. [2]
And even though the tender to the clerk, as made by plain-
tiff, was legal and proper—though we hold it was not—still,
attention is called to the fact that the latter attempted a
compliance with the judgment in a manner not contem-
plated or directed thereby—not by the payment of money,
as therein provided, but by the alleged *"offsetting of one
judgment against another."*

As to the second point, it is elementary that no decree
of distribution could be granted, or distribution of the
estate of which Menendez was executor and the only heir
ordered, simply upon the filing and hearing of an "execu-
tor's account," as appears from the complaint to have
been done. The mere suggestion of such a situation elimi-
nates plaintiff as a proper party in interest herein.

[3] Respondents contend, and we think correctly, that
appellant has not brought up any bill of exceptions showing,
for instance, that he asked for and was denied leave to
amend, or that he proposed any particular amendment to
his complaint. Nor is there anything presented in appel-
lant's brief—assuming such presentation proper—which
might even indicate his ability to remove any defects which
might be found in the complaint. It will therefore be as-
sumed, in the absence of such showing, that there was no

abuse of discretion by the trial court in making the order complained of. (*Williamson* v. *Joyce,* 140 Cal. 669, [74 Pac. 290]; *Kleinclaus* v. *Dutard,* 147 Cal. 245, [81 Pac. 516]; *Aalwyn* v. *Cobe,* 168 Cal. 165, [142 Pac. 79].)

[4] Further, the complaint shows upon its face that plaintiff is not entitled to the relief prayed. For example, it shows an outstanding mortgage, with the successor in interest of the mortgagee in possession under such mortgage. Under these circumstances ejectment will not lie by the mortgagor or his successors against the mortgagee in possession. (*Spect* v. *Spect,* 88 Cal. 437, [22 Am. St. Rep. 314, 13 L. R. A. 137, 26 Pac. 203]; *Brandt* v. *Thompson,* 91 Cal. 462, [27 Pac. 763]; *Sellerbach* v. *Allenberg,* 99 Cal. 69, [33 Pac. 786]; *Boyce* v. *Fisk,* 110 Cal. 113, [42 Pac. 473]; *Cory* v. *Santa Ynez Land etc. Co.,* 151 Cal. 778, [91 Pac. 647]; *Puckhaber* v. *Henry,* 152 Cal. 419, [125 Am. St. Rep. 75, 14 Ann. Cas. 844, 93 Pac. 114].)

We have carefully read and considered the transcript and briefs herein, as well as all the points which, according to our understanding of his exasperatingly ambiguous record, appellant has attempted to raise. Our conclusion is that the complaint does not state a cause of action; that the record is entirely insufficient to support any of the contentions attempted to be made (*Lapique* v. *Walsh,* 46 Cal. App. 335, [188 Pac. 1021]), and that the order here attempted to be questioned was properly entered.

Judgment affirmed.

Finlayson, P. J., and Weller, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 18, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the second appellate district, division two, is denied. As in the case of *Lapique* v. *Plummer* (L. A. No. 5755), *post,* p. 88, [195 Pac. 293], in which a similar application is this day denied, it is manifest that the general allegations of ownership contained in the complaint are based solely on the

specific allegations of fact set forth therein and must be treated as mere legal conclusions of the pleader. **[5]** The complaint fails to show right to possession on the part of the plaintiff even under the terms of the judgment of June 3, 1901, on which the plaintiff relies, as in L. A. No. 5755, as the whole basis of his claim, in that it fails to sufficiently show compliance with the requirement as to the payment to the defendant therein of the amount found due on the mortgage, a condition precedent to transfer by the defendant of the property and, of course, to right of possession in plaintiff's predecessor in interest or in plaintiff. The attempted belated tender of February 28, 1917, to the clerk of the superior court was not such compliance, both for the reasons given in the opinion of the district court of appeal and because of the unexplained delay.

We are inclined to the conclusion that the complaint sufficiently showed, as against a general demurrer, the making of a valid decree of distribution of the estate of Mrs. de Leonis to Juan J. Menendez, and do not concur in the conclusion of the district court of appeal on this question, but that conclusion is not essential to the maintenance of the judgment given by that court.

This complaint does not show, as does the complaint in L. A. No. 5755, the granting of the new trial in the action in which the judgment of June 3, 1901, was given, with the consequent vacating of that judgment. For that reason the demurrer must be considered without reference to that fact, and we have so considered it.

All the Justices concurred, except Lennon, J., who was absent.