[Civ. No. 3231. Second Appellate District, Division Two.—November
20, 1920.]

## JOHN LAPIQUE, Appellant, v. EUGENE R. PLUMMER et al., Respondents.

[1] PLEADING — ACCOUNTING — REAL PARTY IN INTEREST — INSUFFI-
CIENT COMPLAINT.—A complaint in an action for an accounting
starting out with a statement that plaintiff is the successor in in-
terest, etc., of certain persons, but nowhere supported by an allega-
tion of fact, fails to show him to be the real party in interest,
although reference is made to his "grantors and predecessors,"
where they are not named and it is not shown in what manner
plaintiff deraigned title from them.

[2] APPEAL—REVERSAL OF ORDER DENYING NEW TRIAL—EFFECT ON
PREVIOUSLY AFFIRMED JUDGMENT.—Where an appeal was taken by
the plaintiff in an action from an order denying a motion for a
new trial, and the judgment of the appellate court was that the
order is reversed and the cause remanded for a new trial, the
effect of such judgment was to vacate and render for naught the
judgment of the trial court, notwithstanding its prior affirmance
on appeal. (Opinion of supreme court in denying hearing.)

APPEAL from a judgment of the Superior Court of
Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Appellant.

No appearance for Respondents.

THOMAS, J.—This is an appeal on the judgment-roll
alone from a judgment entered after the sustaining of a
demurrer to plaintiff's complaint without leave to amend.

We regret that there is no appearance in this court by
respondents.

By the complaint it is alleged that this plaintiff is the
successor in interest of one Maria Espiritu Chijulla de
Leonis and her son, Juan J. Menendez; that plaintiff's
"grantors and predecessors," on March 2, 1895, commenced
an action in the superior court of Los Angeles County
against one Laurent Etchepare, praying for an accounting,

for the setting aside of a power of attorney, and for a conveyance of certain described property, and on December 23, 1895, caused attachment to be levied on certain real property, which levy was made and the return of the sheriff thereon filed; that said "attachment is still in full force and effect"; and that thereafter the case was tried and judgment entered, wherein it was adjudged and decreed that the deed executed by the plaintiff to the defendant in that action was executed to secure a present indebtedness and prospective advancements by the latter to the former, and hence, while in form a deed it was in fact a mortgage, further decreeing that the plaintiff there, upon the payment to the defendant of the sum designated in the judgment, with interest thereon, be entitled to a reconveyance of the said property, free and clear of all encumbrances that may have been placed thereon by said defendant, and also providing that in case said defendant refuse to accept said sum and reconvey said property that plaintiff might make such payment to the clerk of the court, in which case the latter was authorized to make such reconveyance. The date of the entry of this judgment was June 3, 1901.

The complaint next alleges that on June 7, 1901, Etchepare died intestate in Los Angeles County; that thereafter, by proceedings in the superior court, Frank E. Walsh was appointed administrator of the estate of said Etchepare, and in due time qualified as such, letters of administration being issued to him, and that he entered upon his duties as such administrator, continuing as such until his discharge by the court on September 15, 1908; that by reason of the instrument construed and found by the court to be a mortgage, the said Etchepare and, since his decease, Walsh, as administrator of his estate, "have been in possession of the real property described in said action, from the thirty-first day of July, 1894, down to the ninth day of March, 1917"; that, on October 30, 1901, Walsh, as such administrator, appealed from the judgment referred to, the same being, on September 10, 1903, by the supreme court affirmed; and that the judgment of June 3, 1901, thereupon became, and now is, final.

The complaint then sets forth that the defendant Plummer herein "appeared as agent for plaintiff's grantors and predecessors in said action," and that as such he (and others

not parties to this action) "failed, refused and neglected to foreclose said mortgage" or to pay said defendant or Walsh, as administrator of said estate, the sum adjudged to be due plaintiff in that action, but, by reason of the possession as already set forth, the said defendant Etche- and, since his death, Walsh, the administrator, have col- lected the rents from the property involved, converting the same to their own use, and that said agent (Plummer) and others are "wholly insolvent and wholly unable to pay" same to this plaintiff; that the said Maria de Leonis "died *intestate* in Los Angeles County on or about the tenth day of April, 1905, leaving her last will" in favor of her only son and heir, Juan J. Menendez; and that this will ":was duly admitted to probate on or about March 10, 1908, and a decree of distribution duly given and made in said es- tate," which is still in full force and effect. It is further alleged that, with the intent of defrauding this plaintiff, certain persons, not parties to this action, and the defend- ant Plummer, who is alleged to have been the agent or at- torney of Walsh, not a party here, "commenced, prosecuted and *defended* . . . a large number of actions, in the matter of the de Leonis estate," in an effort to render ineffectual the judgment of June 3, 1901; that on August 15, 1916, defendant Plummer commenced an action against this plain- tiff to quiet title to the land affected by and described in the judgment of June 3, 1901; that this action was tried and judgment entered against the defendant therein, who is plaintiff here; "that under and by virtue of the judgment of June 3, 1901, his (plaintiff's) grantors and predecessors are the owners in fee simple *and in possession of* said prop- erty; that these defendants "threaten" to do various things in reference to the property; and that defendants herein are insolvent. Then follows an allegation of tender by plaintiff of the sum designated in the judgment of June 3, 1901, to the clerk of court, "as provided in said decree," with an averment that defendants herein "are now and have been since June 3, 1901, in the use and occupation of said real property, and tenants in possession, and liable to account to plaintiff for the value of its use and occupa- tion." Finally appears a prayer that the defendant Plum- mer be restrained from in any manner "obtaining" a judgment in the action prosecuted by him against this plain-

tiff; that the defendants in this action be restrained from in "any manner tending to render the attachment [or final decree or judgment] ineffectual," or interfering with plaintiff's "possession"; and that it be decreed that plaintiff is the owner in fee, that he has been in exclusive possession of said property at all times since March 9, 1917, and that he is entitled to the possession and occupancy thereof.

A general demurrer to this complaint was by the court sustained without leave to amend; and in due time the judgment from which this appeal is taken was entered.

In presenting his appeal to this court, appellant has undertaken to lighten our labors with the explanation in his brief that the action was conceived and the complaint filed to accomplish the following ends: (1) To prevent a multiplicity of judicial proceedings; (2) to "prevent" a cloud upon plaintiff's title; (3.) to prevent defendants, in the action instituted by Plummer, from rendering the judgment of June 3, 1901, ineffectual and void; and (4) to prevent "collusion." With this "explanation" in mind, we proceed to a consideration of the sufficiency of the complaint.

[1] As a famous jurist is said to have observed, "the complaint is full of fatal errors, and the only question to be decided is, 'Are there enough?'" One of these fatal errors—apparently immaterial in the mind of the pleader— is that the complaint nowhere shows plaintiff to be a party in interest. It is true he starts out with a statement that he is the successor in interest, etc., of certain persons; but that is the legal conclusion, and is nowhere supported by an allegation of fact. It also is true that plaintiff does refer to his "grantors and predecessors," but they are not named in the complaint, nor is it shown in what manner plaintiff deraigns title from them.

The complaint consists almost entirely of legal conclusions, without any supporting allegations of fact. There is no allegation that the orders contained in the judgment of June 3, 1901, have been complied with. The allegation with respect to this phase of the case shows no payment or tender of the amount named in that judgment to the defendant therein; nor does it set forth any reason or excuse for such tender or attempted payment to the clerk of court in the first instance. Finally, the complaint shows on its face

that both parties to this action, as well as their predecessors in interest, "now are and have been since June 3, 1901, in possession," etc., of the property in question. The foregoing, in our opinion, will suffice to support the conclusion that the lower court's ruling in sustaining the demurrer was correct.

Appellant has brought up no bill of exceptions showing that he asked for and was denied leave to amend, or that he proposed any particular amendment to this complaint; nor does he present any argument, were such proper otherwise, even indicating that he could, if given the opportunity, remove any of the defects found in his complaint. Under these conditions, there was no abuse of discretion by the learned trial judge.

In the instant case appellant appears *in propria persona,* and that he is a perennial litigant is proverbial. We take judicial notice of our own records, and find that the books contain many actions in which he appears, causing us to believe that he is of the opinion, at any rate, that he has a grievance which ought to be corrected. Practically all of these cases were decided against him. In view of these facts we have deemed it best to go into the whole case, notwithstanding the same might have been disposed of in but a few sentences. As we have said in *Lapique* v. *Walsh,* 46 Cal. App. 335, [188 Pac. 1021], we repeat here: "We are always anxious to get at an appreciative understanding of appellant's troubles, whether real or imaginary; but it must be confessed that in this case we have studied the record on appeal—if such it may be termed—in vain to find any connected legal history of the transactions involved."

Without further discussion, we cite as authority for our conclusion upon all the points here urged the discussion and citation of authorities appearing in the case of *Lapique* v. *Walsh, ante,* p. 82, [195 Pac. 296], and hold that the record is entirely insufficient to support any contention attempted to be raised on this appeal, that the complaint does not state a cause of action against these defendants, or either of them, and that, therefore, the demurrer was properly sustained.

The judgment is affirmed.

Finlayson, P. J., and Weller, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 18, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the second appellate district, division two, is denied. It is true that, as stated in the opinion of that court, the complaint nowhere shows plaintiff to be a party in interest. It is manifest that his general allegation of ownership contained in paragraph XXII of his complaint is a mere legal conclusion based solely upon the specific facts previously alleged, and must be treated as such. There is no allegation of fact therein showing that he has acquired the interest of either Maria Espiritu Chijulla de Leonis, or her son, Juan J. Menendez. It is also true, as stated in the opinion, that the complaint does not show compliance by the alleged predecessors in interest of plaintiff or the plaintiff himself with the terms of the judgment of the superior court of June 3, 1901, with relation to payment of the amount due on the instrument decreed thereby to be a mortgage.

[2] We deem it proper to make the following statement with regard to this case. The complaint of plaintiff shows fully that all his alleged rights are founded upon this judgment of June 3, 1901, which judgment, upon an appeal therefrom by the defendant, was affirmed by this court on September 10, 1903. (*De Leonis* v. *Walsh,* 140 Cal. 175, [73 Pac. 813].) The complaint further shows, however, that the plaintiff took an appeal to this court from an order made after judgment and that a decision thereon was given by this court which is reported in volume 145 of our Reports, at page 200, [78 Pac. 637, 638]. Reference to that decision shows that the appeal was one by the plaintiff from an order denying her motion for a new trial in said action, and the judgment of this court, given October 29, 1904, was that "the order appealed from (denying a new trial) is reversed, and the cause remanded for a new trial." This general order necessarily had the effect of vacating and rendering for naught the judgment of June 3, 1901; and this notwithstanding the prior affirmance of the judgment. (See *Brison* v. *Brison,* 90 Cal. 323, 327, [27 Pac.

186]; *Houser & Haines Mfg. Co.* v. *Hargrove,* 129 Cal. 90, [61 Pac. 660]; *People* v. *Bank of San Luis Obispo,* 159 Cal. 82, [Ann. Cas. 1912B, 1148, 112 Pac. 866].) It is thus made to appear that the judgment upon which plain- tiff founds his whole claim was vacated by the judgment of this court given October 29, 1904, and could not thence- forth be effective for any purpose.

All the Justices concurred, except Lennon, J., who was absent.